

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:          Opinion No. O-892
                    Re: Necessity to license gravel
                        trucks which are used only
                        in crossing public road.

Your request for an opinion of this department as to the authority of the county to grant a lease of right of way of a public road to a gravel company, and the necessity of the registration of the trucks of this gravel company used only in crossing the public roads has been received by this department.

Our understanding of the facts stated in your letter is that the public road passes through the tract of land leased by the owner of the gravel pit, and that the owner of the gravel pit desires to use his trucks to haul gravel across the public road without registering said trucks as is required by Article 6675 of the Revised Civil Statutes of Texas.

We call your attention to the definition of "highway" as defined in Article 6674a, Revised Civil Statutes of Texas:

> "The term 'highway' as used in this Act shall include any public road of thoroughfare or section thereof and any bridge, culvert or other necessary structure appertaining thereto."

Article 784 of the Penal Code of Texas reads as follows:

> "Whoever shall wilfully obstruct or injure or cause to be obstructed or injured in any manner whatsoever any public



> any town or city, or any public bridge
> or causeway, within this State, shall
> be fined not exceeding two hundred dol-
> lars."

The powers of the Commissioners' Courts in Texas
are strictly construed. 21 Tex. Jur., p. 704, says that:

> "The Commissioners' Courts have
> only such regulatory powers over high-
> ways as have been expressly granted
> them."

There is no statutory authority for the Commis-
sioners' Court of your county to enter into a contract of
lease between the gravel company and themselves, and we
think that Article 784 of the Penal Code, quoted above,
clearly discloses the intention of the Legislature that
the Commissioners' Courts may not permit any obstruction,
nor themselves obstruct the highway in any way. We be-
lieve that the granting of a lease in this instance to
permit the crossing of gravel trucks from one side of the
highway to another would offer a serious traffic hazard,
and there is no doubt in our minds that the courts would
consider this an act of obstruction of the public highway.

We call your attention to the case of El Paso
Electric Company vs. Leeper, 42 S.W. (2d) 863. In this in-
stance the Commissioners' Court had permitted the placing
of an electric wire pole on the right-of-way of the road
near the boundary line, and the evidence showed that there
was ample room on both sides of the pole for the passage
of vehicles, and that the location of the pole did not in-
terfere with or impede the traffic. The court held that
although the Commissioners' Court could open and close a
road when the road was abandoned, it had no authority to
permit any obstruction to be placed upon a right-of-way.
The opinion indicated that any obstruction or thing con-
stituting a present source of danger was within the con-
templation of Article 784 of our Penal Code.

Article 6675a-2 requires that:

> "Every owner of a motor vehicle,
> trailer or semi-trailer used, or to
> be used upon a public highway in this
> State, and each chauffeur, shall apply
> each year to the State Highway Depart-
> ment through the County Tax Collector



of the county in which he resides for
the registration of each such vehicle
owned or controlled by him. . . "

This particular Article exempts from registration implements of husbandry, farm tractors, farm trailers, farm semi-trailers operated or moved temporarily upon the highways of this State. These are the only exemptions made to this statute. There being no exemption for a gravel truck that passes only temporarily across a public highway, it must necessarily, by force of law, be registered as required by our statute.

We are enclosing a copy of an opinion of this department, written to the Honorable George H. Sheppard on January 23, 1939. We believe this opinion will be of some assistance to you in the solution of your problem. You are hereby advised that the county has no authority to enter into the contract considered, and that the gravel trucks operated on or across the highways of this State as that term has been defined by the statutes must be licensed as required by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Morris Hodges.*
Morris Hodges
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

MH:FG

APPROVED AUG 18, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS